720 F.2d 544
 Duane FEUERHELM, Personal Representative of the Estate of
Jerald E. Feuerhelm, Deceased, Appellant/Cross-Appellee,
v.
F.H.T., INC., a Nebraska corporation, and Hastings Pork,
Inc., a Nebraska corporation, Appellees/Cross-Appellants.
 Nos. 83-1882, 83-1905.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1983.
Decided Nov. 10, 1983.
 
 Lyle E. Strom, T. Geoffrey Lieben, Thomas H. Dahlk, Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, Neb., for appellant/cross-appellee.
 Jay S. Horowitz, Gregory D. Schetina, Jay S. Horowitz, P.C., Denver, Colo., for appellees/cross-appellants.
 Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff brought this lawsuit on behalf of the Estate of Jerald E. Feuerhelm against F.H.T., Inc. and Hastings Pork, Inc. (HPI). Jurisdiction was based upon diversity of citizenship. 28 U.S.C. Sec. 1332. The case is before this court on appeal by the Estate, and cross appeal by HPI, from the judgment of the district court.[1]
 
 Facts
 
 2
 The Estate claimed that the decedent made substantial loans to both defendant corporations, which had not been repaid. F.H.T. and HPI defended the lawsuit on several grounds, one of which was that the amounts in question were noninterest bearing advances or capital contributions, but not loans. HPI also claimed that the action was barred by the applicable five-year statute of limitations.[2] The latter of two loans was due in 1976, and the complaint was not filed until 1982, which was beyond the period of the statute. The court rejected this defense because there was evidence in the ledger that a payment had been made in 1978, which would extend the prescribed period.[3]
 
 
 3
 After a trial, the jury returned a verdict in favor of F.H.T., but found HPI liable to the Estate on two loans. These two loans had been evidenced by promissory notes. The Estate filed a motion for a new trial, which motion was denied by the district court.
 
 
 4
 HPI filed a motion to alter or amend the judgment and renewed its statute of limitations defense. The court again rejected the defense based upon an agreement between counsel that some repayments had been made. HPI alternatively sought a reduction in the amount of the judgment in accordance with the fact that there had been some payments made against the loans. The court granted this portion of the motion. The Estate appeals this, and other aspects of the district court's order. HPI cross appeals the denial of its motion based on the statute of limitations.
 
 
 5
 For the reasons stated herein, we affirm the judgment of the district court.
 
 Discussion
 
 6
 The district court reduced the amount of the judgment on the basis that the evidence established repayments of $33,000.00 on October 29, 1976, and of $5,000.00 on May 12, 1978. The Estate did not dispute this portion of the district court's judgment, but nonetheless argued that the final judgment was $5,000.00 less than it should have been. The basis of this contention was that the evidence pertaining to the ledger entries showed another $5,000.00 loan on February 28, 1978. The Estate specifically argued this point in its post-trial brief to the district court, and the court rejected the argument.
 
 
 7
 The Estate reasserts the argument in this court: "It is clear the court corrected its judgment by crediting all payments to the two amounts the jury found to be loans but forgot that the undisputed record also established an additional $5,000.00 loan. The judgment should be corrected in this respect * * *." Brief for Appellant at 37.
 
 
 8
 In an answer to an interrogatory, the jury specifically rejected the existence of a February 28, 1978, $5,000.00 loan. Accordingly, we shall affirm the judgment of the district court on this point. See Kayser v. Rockwell Graphic Systems, Inc., 666 F.2d 1233, 1235 (8th Cir.1982).
 
 
 9
 As to the remaining issues presented, we have carefully studied the record, including the trial court's opinion, the briefs, and the arguments of the parties to this action. We find no merit to the remaining arguments, and therefore affirm the district court pursuant to Rule 14 of the rules of this court. See 8TH CIR.R. 14.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 See NEB.REV.STAT. Sec. 25-205 (Reissue 1979)
 
 
 [3]
 See NEB.REV.STAT. Sec. 25-216 (Reissue 1979)